**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Darrian Rachel,

        Plaintiff,                                      Case No. 1:18cv841

    v.                                               Judge Michael R. Barrett

Duke Energy,

        Defendant.

**ORDER**

This matter is before the Court on the Magistrate Judge's December 5, 2018 Report and Recommendations ("R&R") (Doc. 4) and Plaintiff's Objections to the R&R (Doc. 5).

**I.    BACKGROUND**

This is a civil action brought by Plaintiff, Darrian Rachel, who is proceeding *pro se* and *in forma pauperis*.

On December 6, 2018, the Magistrate Judge conducted a *sua sponte* review of Plaintiff's complaint to make a determination whether the entire complaint, or part of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). The Magistrate Judge concluded that Plaintiff's allegations were insufficient to state a claim and did not provide any factual support from which this Court could reasonably infer that Defendant violated Plaintiff's rights. Accordingly, the Magistrate Judge recommended that Plaintiff's entire complaint be dismissed with prejudice.

## II. ANALYSIS

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden*, Chillicothe Corr., Inst., 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

A plaintiff proceeding *in forma pauperis* does not have to incur any filing fees or court costs, leading to the lack of an economic incentive to not file any frivolous, malicious, or repetitive lawsuits. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). This Court can dismiss the *in forma pauperis* complaint if it is found that the action is frivolous or malicious. 28 U.S.C. §§1915(e)(2)(B)(i). A complaint may be frivolous if there is not a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29. Although detailed factual allegations are not required, there needs to be enough factual content, accepted as true, to "state a

claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept allegations of facts as true except conclusory statements or mere threadbare recitations of the elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Complaints may also be dismissed *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). A complaint needs more factual allegations "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). *Pro se* plaintiffs are "held to a less stringent standard than formal pleadings drafted by lawyers," and their complaints must be "liberally construed." *Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his Objections, Plaintiff argues that his claim is not frivolous or malicious and is "factually sound." (Doc. 5). Plaintiff asserts that the R&R is not adhering to the Equal Protection clause of the Fourteenth Amendment because he is a *pro se* plaintiff and the R&R is "hindering justice." (Id.) In support of his claims, Plaintiff cites a case in this Court, *Williams et al. v. Duke Energy International, Inc.*, Case No. 18cv46, which Plaintiff explains is a class action alleging that Defendant offered rebates which benefitted industrial companies, but not homeowners. However, Plaintiff offered no connection between that case and the instant case. Plaintiff also mentions cases where the Environmental Protection Agency accused Defendant of causing illegal pollution, and the Public Utilities Commission of Ohio allegedly found that Defendant caused the death of two elderly people by "violating a winter heating rule and prematurely cutting electricity to

their house." However, Plaintiff did not provide citations to these cases, or explained a connection between those cases and the instant case.

### III. CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R (Doc. 4) to be thorough, well-reasoned, and correct. Accordingly, the Magistrate Judge's December 5, 2018 R&R (Doc. 4) is **ADOPTED** in its entirety, and Plaintiff's Objections (Doc. 5) are **OVERRULED**. It is hereby **ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** with prejudice;

2. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order adopting this Report and Recommendation would not be taken in good faith and therefore Plaintiff is **DENIED** leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1977); and

3. This matter is **TERMINATED** from the active docket of the Court.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                              Michael R. Barrett
                                              United States District Court